IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNY DREW SAYRE,

          Plaintiff,

v.                                    CIVIL ACTION NO.  2:10-cv-00157

ATTORNEY JACK THOMPSON,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Kenny Drew Sayre's Complaint [Docket 2].  By Standing Order entered August 1, 2006, and filed in this case on February 18, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R [Docket 4] on March 24, 2010, recommending that this Court deny Plaintiff's Application to Proceed In Forma Pauperis, give Plaintiff ten days to pay the $350 filing fee, and, if Plaintiff fails to do so, dismiss this action with prejudice.  Plaintiff timely filed objections to the PF&R on April 8, 2010, and the matter is now ripe for the Court's consideration.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections

that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiffs objections are the type of vague and conclusory objections contemplated by *Opriano* that do not merit review by this Court. Additionally, the objections do not address the issues discussed in the PF&R. Therefore, Plaintiff's objections [Docket 5] are **OVERRULED**.

As stated in the PF&R, a prisoner is prohibited from bringing a civil action without prepayment of fees when:

> [T]he prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Plaintiff has exceeded the limit of § 1915(g), thus prohibiting him from proceeding without prepayment of fees. At least three of Plaintiff's cases were dismissed as either frivolous, malicious, or for failing to state a claim upon which relief may be granted. *Sayre v. Mount Olive Corr. Complex*, No. 5:01-cv-434 (S.D. W. Va. Oct 17, 2001); *Sayre v. Painter*, No. 5:00-cv-99 (S.D. W. Va March 30, 2000); *Sayre v. Painter*, No. 5:99-cv-748 (S.D. W. Va. Dec. 30, 1999). Further, in *Sayre v. Mount Olive Corr. Complex*, Judge Faber found that Plaintiff's action was the third action to be dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted. Accordingly, cases that Plaintiff filed after *Sayre v. Mount Olive Corr. Complex* were dismissed where he was not under imminent danger of serious physical injury pursuant to §1915(g). As Plaintiff has long been prohibited from filing without prepayment of fees and Plaintiff is not currently under imminent danger of serious physical injury, the Court must require him to pay the filing fee before going forward in the instant matter.

Therefore, the Court **ADOPTS** the PF&R [Docket 4] and **DENIES** Plaintiff's Application to Proceed In Forma Pauperis [Docket 1]. The Court **ORDERS** Plaintiff to pay the $350 filing fee within ten days of entry of this order. If Plaintiff fails to pay the filing fee, the Court will dismiss this action with prejudice.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 20, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE